### No. 9619.

### YALE & BOWLING vs. H. ROUTH,

AND

### W. G. WHEELER vs. H. ROUTH.

### (Consolidated.)

Where plaintiffs' demand is less than two thousand dollars, accompanied by an attachment, and judgment is rendered for the debt sued for, but the attachment is dissolved, this court is without jurisdiction to review the judgment either as respects the debts or the dissolution of the attachment.

Where the defendant in an attachment claims damages for the illegal issuing of the writ, one item of which is the alleged sacrifice of his goods seized and sold thereunder, and it appears that a low appraisement of the goods was procured by his own contrivance, and he was himself the purchaser of the goods at the sheriff's sale through a person interposed, and also concealed a part of the goods whilst under seizure which, in consequence, were not included in the sale, such facts deprived defendant of all right to complaim.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Goode*, J.

*Chas. Louque*, for Plaintiffs and Appellees.
*Tobias Gibson*, for Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. The plaintiffs in these consolidated cases sued the defendant for $477.29 and $774.94 respectively. The suits were accompanied by attachments, under which a stock of goods of the defendant was seized.

During the pendency of the suits, on representation that the property was of a perishable nature, an order for the sale of the goods was rendered, and a sale was made by the sheriff on the 24th day of January, 1885.

The defendant, in his answer, admitted the indebtedness for which he was sued, but alleged that the attachments had issued illegally, and claimed damages in reconvention, as follows:

| | | | |
|---|---|---:|---|
| 1. | Loss on his goods sold under attachment | $3,200 | 00 |
| 2. | Accounts not collected owing to closing of the store | 1,085 | 00 |
| 3. | Mental sufferings | 3,000 | 00 |
| 4. | Wrecking his business prospects | 5,000 | 00 |
| 5. | Exemplary damages | 5,000 | 00 |
| | Total | $17,285 | 00 |

This amount he claimed against each of the suing creditors.

The case was tried by a jury, who returned a verdict for the plaintiffs for the amount of their respective claims, but dissolved the attachment, and gave damages on the reconventional demand, for one thousand dollars, and judgment was rendered accordingly. From this judgment plaintiffs appeal.

We cannot review the judgment so far as relates to the plaintiffs' demand and the disposition made of the attachments, for want of jurisdiction, but must limit ourselves to the consideration of the reconventional demand.

The evidence shows that the defendant's stock of goods when the attachments issued was worth about $3000. They sold for $300 and were appraised at $450.

We find in the record no inventory of the goods and no returns on writs of attachment. In the commission issued to the sheriff to sell under the order rendered, after the attachments were levied, the goods to be sold were described and specified, but we are satisfied that these goods either could not have embraced the entire stock attached, or if they did, that their value had been largely overestimated. In fact, an inspection of this list would rather confirm the correctness of their appraisement made just previous to the sheriff's sale.

Be that as it may, we are convinced that this appraisement which is so bitterly complained of by the defendant was really procured by himself.

An illiterate field-hand, a negro, was selected by him as an appraiser, and there is positive testimony that he gave directions for the exact appraisement that was made.

We are as equally well satisfied that Routh was the real adjudicatee at the sale, and that the ostensible purchaser was a person interposed, who was acting for Routh, and that the price was paid by him. There is also evidence to the effect that after the sheriff's sale the goods remained in the store for several weeks, and sales were made of the same as before, and a part of the proceeds thereof at least were paid over to him by the salesman in charge of the store.

There is further evidence to the effect that the morning before the sheriff's sale a part of the stock of goods was taken from the storeroom and concealed by Routh in a back room of the building, and was not offered for sale by the sheriff the next day. All these damaging facts against Routh are established to our satisfaction. We state our conclusions, but deem it unnecessary to give in detail the circumstances and the evidence which support these conclusions. If the goods of the defendant were sold at a sacrifice he mainly contributed, and doubtless reaped the benefit of the sacrifice. We believe, as was testified to, that he subsequently made a private sale of the goods to the pretended adjudicatee at the shsriff's sale, and shared in the profits of a resale of the same.

Under these circumstances the other grounds for damages set up are scarcely worthy of consideration. As to the alleged injury to his credit and business it is shown that he had taken the benefit of the bankrupt law, and after his discharge, the business had been conducted in the name of his wife, who failed, and thereafter by himself, and just before the attachments issued he had applied for a respite.

On the whole, therefore, we find no merit whatever in the reconventional demand.

It is therefore ordered, adjudged and decreed that the verdict of the jury and judgment of the lower court so far as they relate to the reconventional demand of the defendant be annulled, avoided and reversed, and the said demand be rejected, with costs of both courts.